WRIGHT, FINLAY & ZAK, LLP
Darren T. Brenner, Esq.
Nevada Bar No. 8386
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7967; Fax: (702) 946-1345
lrobbins@wrightlegal.net
*Attorneys for Plaintiff, The Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York Trust Company, N.A. as successor-in-interest to JPMorgan Chase Bank N.A. f/k/a JPMorgan Chase Bank, as Trustee for MASTR Adjustable Rate Mortgages Trust 2004-9, Mortgage Pass-Through Certificates, Series 2004-9*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A. F/K/A THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR-IN-INTEREST TO JPMORGAN CHASE BANK N.A. F/K/A JPMORGAN CHASE BANK, AS TRUSTEE FOR MASTR ADJUSTABLE RATE MORTGAGES TRUST 2004-9, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2004-9,<br><br>Plaintiff,<br>vs.<br><br>FIDELITY NATIONAL TITLE GROUP, INC.; CHICAGO TITLE INSURANCE COMPANY,<br><br>Defendants. | Case No.: 2:20-cv-01394-JCM-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY**<br><br>**(Second Request)** |

Plaintiff, The Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York Trust Company, N.A. as successor-in-interest to JPMorgan Chase Bank N.A. f/k/a JPMorgan Chase Bank, as Trustee for MASTR Adjustable Rate Mortgages Trust 2004-9, Mortgage Pass-Through Certificates, Series 2004-9 ("BONY Trustee") and Defendants, Chicago Title Insurance Company ("Chicago Title") and Fidelity National Title Group, Inc. ("Fidelity")

(collectively, the "Parties"), by and through their counsel of record, hereby submit their Stipulation to Extend Discovery Deadlines by ninety (90) days in accordance with Local Rule 26-3 and Local Rule IA 6-1. The Parties are requesting an extension to the discovery deadlines as the Parties are finalizing a stipulated protective order to be filed and entered by the Court prior to the Parties' disclosure of confidential documents. The Parties' experts need additional time to review the substantive document production prior to the initial expert disclosure deadline, which is currently set for May 27, 2021. Based on the volume of the documents and the need for a protective order, the Parties request an additional ninety (90) days in order to complete discovery and provide the experts with sufficient opportunity to review documents and responses to the pending written discovery requests..

The request for an extension is supported by good cause in compliance with LR 26-3, has been brought in good faith, is the second request for an extension of time to the discovery deadlines and is not intended to cause delay.

**(a) A statement specifying the discovery completed:**

The Parties conducted the Fed. R. Civ. P. 26(f) conference on September 23, 2020. Thereafter, the Parties promptly submitted their proposed Joint Discovery Plan and Scheduling Order on October 7, 2020 [ECF No. 21]. On October 9, 2020, the Court entered the Discovery Plan and Scheduling Order [ECF No. 22]. On February 25, 2021, the Parties filed their first Stipulation to Extend Discovery Deadlines [ECF No. 43], which the Court entered on March 3, 2021 [ECF N. 46], setting the following deadlines:

- Initial experts: May 27, 2021;
- Rebuttal experts: June 27, 2021;
- Discovery cutoff: July 26, 2021;
- Dispositive motions: August 25, 2021; and
- Joint proposed pretrial order: September 27, 2021, or 30 days after resolution of dispositive motions.

///
///

The Parties have completed the following discovery to date:

- Chicago Title and Fidelity's Initial Disclosure of Witnesses and Documents, November 6, 2020;
- BONY Trustee's Initial Disclosure of Witnesses and Documents, November 6, 2020;
- Chicago Title's First Set of Interrogatories to BONY Trustee, September 30, 2020;
- Chicago Title's First Set of Requests for Admission to BONY Trustee, September 30, 2020;
- Chicago Title's First Set of Requests for Production to BONY Trustee, September 30, 2020;
- BONY Trustee's First Set of Interrogatories to Chicago Title, November 10, 2020;
- BONY Trustee's First Set of Requests for Admission to Chicago Title, November 10, 2020;
- BONY Trustee's First Set of Requests for Production to Chicago Title, November 10, 2020;
- BONY Trustee's First Set of Interrogatories to Fidelity, November 10, 2020;
- BONY Trustee's First Set of Requests for Admission to Fidelity, November 10, 2020;
- BONY Trustee's First Set of Requests for Production to Fidelity, November 10, 2020;
- BONY Trustee's Responses to Chicago Title's First Set of Requests for Admission, February 5, 2021;
- Chicago Title's Notice of Intent to Serve Subpoena Duces Tecum to the following entities (Notice served on February 16, 2021);
    - Western Progressive – Nevada, Inc.;
    - Corelogic, Inc.;
    - Ocwen Loan Servicing, LLC;
    - Bank of America, N.A.;

- Nevada New Builds, LLC;
- La Posada Condominium Property Owner's Association;
- Kevin E. Davidson;
- Karen M. Davidson;
- ReconTrust Company, N.A.;
- Nevada Association Services, Inc.;
- Miles Bauer Bergstron & Winters, LLP; and
- Mortgage Electronic Registrations Systems, Inc.

**(b) A specific description of the discovery that remains to be completed:**

The Parties need to conduct the following discovery:

- Final agreement of the terms of a Stipulated Protective Order and the Court's entry of the same;
- Fidelity's Responses to BONY Trustee's Written Discovery Requests, to be served upon the Court's entry of a Protective Order;
- Chicago Title's Responses to BONY Trustee's Written Discovery Requests, to be served upon the Court's entry of a Protective Order;
- BONY Trustee's Responses to Chicago Title's First Set of Requests for Production and First set of Interrogatories, to be served upon the Court's entry of a Protective Order;
- The Parties' Initial Expert Disclosure;
- The Parties' Rebuttal Expert Disclosure;
- Deposition of Fed. R. Civ. P. 30(b)(6) Witness for Chicago Title;
- Deposition of Fed. R. Civ. P. 30(b)(6) Witness for Fidelity;
- Deposition of Fed. R. Civ. P. 30(b)(6) Witness for BONY Trustee;
- Deposition of various fact witnesses and experts; and
- Such other discovery that may be deemed necessary or appropriate.

///

///

**(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan:**

Due to the need for a protective order and the volume of discovery propounded, the Parties need additional time to respond to the pending requests prior to the initial expert disclosure deadline of May 27, 2021. Over the past several months, the Parties have been negotiating the terms of an appropriate protective order that would meet all of the Parties' needs and they anticipate that a stipulated protective order will be entered shortly. Thereafter, the Parties plan on producing documents and responding to each other's written discovery requests. The Parties anticipate that the confidential document production will be voluminous and will need to be reviewed by their retained experts in preparation of authoring reports. Accordingly, the Parties request a ninety (90) day extension to the discovery deadlines so that discovery responses can be provided and the Parties' experts have sufficient time to review the written discovery responses, documentation, and issue opinions prior to the initial expert disclosure deadline.

In accordance with Local Rule 26-3, good cause exists for an extension to the discovery deadlines as the Parties' experts are unable to prepare an expert report prior to the May 27, 2021 deadline given that written responses from the Parties have not yet been completed, nor has a protective order been entered.

**(d) A proposed schedule for completing all remaining discovery.**

The Parties request that current Discovery Plan and Scheduling Order [ECF No. 22] be amended as follows:

1. Last Day to Disclose Initial Expert Report: currently May 27, 2021, **desired August 25, 2021;**
2. Last Day to Disclose Rebuttal Experts: currently June 27, 2021, **desired September 27, 2021;**
3. Last Day to Complete Discovery: currently July 26, 2021; **desired October 27, 2021;**
4. Last Day to File Dispositive Motions: currently August 25, 2021, **desired November 23, 2021;**

5. Last Day to File Joint Pre-Trial Order: currently, September 27, 2021, **desired December 27, 2021.** In the event dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until thirty (30) days after a decision of the dispositive motions. The disclosures required by FRCP 26(a)(3), and any objections thereto, shall be included in the pretrial order.

**IT IS SO STIPULATED.**

DATED this 6th day of May, 2021.

**WRIGHT, FINLAY & ZAK, LLP**

*/s/ Lindsay D. Robbins, Esq.*
Lindsay D. Robbins, Esq.
Nevada Bar No. 13474
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
*Attorney for Plaintiff, The Bank of New York Mellon Trust Company, N.A. f/k/a The Bank of New York Trust Company, N.A. as successor-in-interest to JPMorgan Chase Bank N.A. f/k/a JPMorgan Chase Bank, as Trustee for MASTR Adjustable Rate Mortgages Trust 2004-9, Mortgage Pass-Through Certificates, Series 2004-9*

DATED this 6th day of May, 2021.

**SINCLAIR BRAUN LLP**

*/s/ Kevin S. Sinclair, Esq.*
Kevin S. Sinclair, Esq.
Nevada Bar No. 12277
16501 Ventura Blvd, Suite 400
Encino, California 91436
*Attorneys for Defendants, Fidelity National Title Group, Inc., Ticor Title of Nevada, Inc., and Chicago Title Insurance Company*

**IT IS SO ORDERED.**

DATED _____May 11_____, 2021

_____
UNITED STATES MAGISTRATE JUDGE