UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| THE BANK OF NEW YORK MELLON TRUST COMPANY,<br><br>　　　　　　　　　　Plaintiff(s),<br><br>　　　v.<br><br>CHICAGO TITLE INSURANCE COMPANY,<br><br>　　　　　　　　　　Defendant(s). | Case No. 2:20-CV-1394 JCM (BNW)<br><br>ORDER |

Presently before the court is defendants Fidelity National Title Group, Inc. and Chicago Title Insurance Company's (collectively "defendants") motion to stay this case. (ECF No. 53). Plaintiff The Bank of New York Mellon Trust Company, N.A. ("BONY") responded in opposition (ECF No. 56) to which defendants replied (ECF No. 57).

**I.   BACKGROUND**

This is another breach of contract and insurance bad faith case arising out of a denial of a national lender's title insurance claim. (Compl., ECF No. 1 ¶¶ 87–88). BONY is the plaintiff and was the beneficiary of a deed of trust encumbering real property in a Nevada HOA. (*Id.* ¶¶ 52–63). It alleges that "[a]s part of the loan origination, [Chicago Title's predecessor] Ticor entered into a contractual relationship with [the original lender] as the insured on a lender's title insurance policy . . . to ensure that the [d]eed of [t]rust was superior to competing liens, including the HOA's lien." (*Id.* ¶ 63). The HOA eventually foreclosed on its lien in March 2011 and BONY was left to defend against quiet title claims. (*Id.* ¶¶ 72–81, 87). There are two pending motions to dismiss (ECF Nos. 13, 31) and

James C. Mahan
U.S. District Judge

BONY's pending countermotion for partial summary judgment on a duty to defend. (ECF No. 33).

Defendants now move to stay this case until the Ninth Circuit resolves the potentially case-dispositive appeal in *Wells Fargo Bank, N.A. v. Fidelity Nat'l Title Ins. Co.*, Ninth Cir. Case No. 19-17332, Case No. 3:19-cv-00241-MMD-WGC (hereinafter the "*Wells Fargo II* appeal"). (ECF No. 53 at 1–2). According to defendants, there are about 100 virtually identical title insurance cases in this district and this "straggler" should join the "overwhelming majority" of cases that are stayed. (*Id.* at 7).

## II.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court can enter stays "pending resolution of independent proceedings which bear upon the case." *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The decision is committed to the sound discretion of the court. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). In deciding whether to grant a stay, the court considers (1) " 'the possible damage which may result' " from granting the stay, (2) " 'the hardship or inequity which a party may suffer in being required to go forward,' " and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268).

## III.   DISCUSSION

The *Lockyer* factors point toward what should be a reasonably brief stay.[1]  First, the only potential damage from a stay is that the parties will wait longer for a resolution. *See Nationstar Mortg. LLC v. Westcor Land Title Ins. Co.*, No. 2:20-cv-00972-JAD-EJY, 2020 WL 7082694, at *2 (D. Nev. Dec. 3, 2020) ("Though [the plaintiff-lender] argues that further

---

[1] The court notes that briefing in the *Wells Fargo II* appeal was completed in December 2020 and that oral argument may take place in late 2021. *See Wells Fargo Bank, N.A. v. Fidelity Nat'l Title Ins. Co.*, Ninth Cir. Case No. 19-17332.

**James C. Mahan**
**U.S. District Judge**

- 2 -

passage of time may hinder its ability to obtain discovery in this case, I do not find this argument persuasive."). But this case has not been litigated with urgency. (*See* ECF No. 57 at 3 ("We are eleven months into this case, and BONY still has not produced its loan file." (internal quotation marks omitted))). The parties have contemplated a stay since this case's inception. (Sinclair Decl., ECF No. 57-1 ¶ 2). Both parties accuse each other of "sandbagging" in discovery—which has been prolonged by many deadline extensions—and have conscripted Magistrate Judge Weksler into a dispute over a protective order. (ECF No. 57 at 5–6).

As to the third *Lockyer* factor, the overlap between this case and the *Wells Fargo II* appeal means that a stay will reduce potential hardship for both sides and promote the orderly course of justice. These title insurance cases involve virtually identical form title policies and endorsements and similar legal theories and claims. Most notably, in its pending countermotion for partial summary judgment on a duty to defend, "BONY invoke[s] the CLTA 100/ALTA 9 endorsement" which is "one of the exact same endorsements that is at issue in the *Wells Fargo II* [a]ppeal." (ECF No. 57 at 4). If the Ninth Circuit agrees with Chief Judge Du that the policy does not give rise to the claims alleged by lenders like BONY, costly discovery could be avoided. *See generally Wells Fargo Bank, N.A. v. Fid. Nat'l Ins. Co.*, No. 3:19-cv-00241-MMD-WGC, 2019 WL 5578487 (D. Nev. Oct. 29, 2019).

As defendants aptly put it: "Because it is obvious that one party or the other will try to argue that the *Wells Fargo II* appellate decision will ultimately control the disposition of this case, there is no good reason to incur fees and costs on discovery and motion practice that will necessarily need to be supplemented after the Ninth Circuit speaks." (ECF No. 53 at 7). For these reasons, this case is partially stayed pending the *Wells Fargo II* appeal.

### IV.  CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion to stay this case (ECF No. 53) be, and the same hereby is, GRANTED. This case is

James C. Mahan
U.S. District Judge

- 3 -

STAYED pending the issuance of the mandate in the *Wells Fargo II* appeal except for the proceedings and litigation related to a protective order for confidential documents.

IT IS FURTHER ORDERED that all pending motions (ECF Nos. 13, 31, 33, 40) are DENIED without prejudice to the parties' ability to refile them after the stay is lifted. The parties must move to lift the stay within 30 days of the issuance of the mandate in the *Well Fargo II* appeal.

DATED July 23, 2021.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**